UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL WILSON and<br>BETTY WILSON DAVIS, as<br>guardian over the Estate and Person<br>of Michael Wilson,<br>      Plaintiffs,<br><br>    v.<br><br>MOHAMMAD ZEESHAN<br>TARIQ and KAHKASHAN<br>TRANSPORTATION, INC.,<br>      Defendants,<br><br>MOHAMMAD ZEESHAN TARIQ and<br>KAHKASHAN TRANSPORTATION,<br>INC.,<br>      Counter-Claimants,<br><br>    v.<br><br>MICHAEL WILSON,<br>      Counter-Defendant. | CAUSE NO. 2:15-CV-321-PPS-JEM |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Strike [DE 24], filed by Plaintiffs on May 3, 2016. Plaintiffs ask that the Court strike from Defendants' Answer [DE 23] three affirmative defenses. On May 16, 2016, Defendants filed a response [DE 27], and on May 23, 2016, Plaintiffs filed their reply [DE 28].

**I.    Standard**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

1

P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the Court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.  Analysis**

Plaintiffs' Amended Complaint alleges that Plaintiff Michael Wilson ("Michael") was injured when his car collided with a semi-truck owned and operated by Defendants. Defendants assert twelve affirmative defenses, three of which are the subject of Plaintiffs' Motion to Strike.

A.  <u>Third Affirmative Defense</u>

In their third affirmative defense, Defendants allege that Michael's injuries were caused by an inoperable air bag, and that Hyundai Corporation, as the "designer and manufacturer" of Michael's car, was responsible for his injuries. Plaintiffs argue that Defendants are barred from asserting this nonparty defense under Indiana's Comparative Fault Act.

Under the Comparative Fault Act, a defendant "in an action based on fault . . . may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code § 34-51-2-14. For the purposes of the Act, "nonparty" is defined as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34-6-2-88.

The Comparative Fault Act contains multiple limitations on how and when a defendant may assert a nonparty defense. Under § 34-51-2-16, a "nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer." But where a defendant "gains actual knowledge of a nonparty defense after the filing of an answer,"

2

that defendant "may plead the defense with reasonable promptness." Ind. Code § 34-51-2-16.

Here, Defendants did not include the Hyundai nonparty defense in their first Answer. However, in a Motion to Amend [DE 15] their original answer, Defendants represented that they did not discover the alleged airbag defect until they conducted discovery in this case. Ultimately, the Court denied Defendants' Motion to Amend as moot [DE 21], since Plaintiffs moved to amend the original complaint. Accordingly, the Court finds that, although Defendants did not assert the nonparty defense in their "first answer," they pleaded the defense with "reasonable promptness" after "gain[ing] actual knowledge of a nonparty defense" through discovery in this case, satisfying the requirements of the Comparative Fault Act.

However, in certain situations, the Comparative Fault Act imposes additional requirements on a defendant pleading a nonparty defense. Section 34-51-2-16 ("Section 16") provides, in relevant part:

> However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:
>
>> (1) giving the defendant a *reasonable opportunity* to discover the existence of a nonparty defense; and
>>
>> (2) giving the claimant a *reasonable opportunity* to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

Ind. Code § 34-51-2-16 (emphasis added).

The parties agree that any claim Plaintiffs might have against Hyundai Corporation as the "designer and manufacturer" of Michael's vehicle was barred by the relevant statute of repose at the

3

time Plaintiffs filed both the original and amended complaints. Plaintiffs argue that, because they cannot assert that claim against Hyundai, Defendants also cannot allege that Hyundai is an at-fault nonparty. In Plaintiffs' words, "Defendants have not given [Plaintiff] 'a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim' against Hyundai, as required by [Section 16]."

But Plaintiffs' reliance on the "reasonable opportunity" language of Section 16 is misplaced. The Court considers whether Plaintiffs have had a "reasonable opportunity to add [a] nonparty as an additional defendant" only when altering Section 16's 150-day and 45-day pleading requirements. By the statute's own terms, those timing requirements are implicated only where a defendant "was served with a complaint . . . more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty." Ind. Code § 34-51-2-16.

Plaintiffs admit that they filed and served the Complaint long after the statute of repose lapsed on any potential claims against Hyundai for manufacturing or design defects. As a result, the 150-day and 45-day requirements were not implicated, and the Court had no reason to "alter [those] time limitations" by considering the "reasonable opportunity" factors. *See* Ind. Code § 34-51-2-16.

Plaintiffs cite *Terre Haute Warehousing Services v. Grinnell Fire Protection Systems Co.*, 193 F.R.D. 554 (S.D. Ind. 1999) for the proposition that Section 16 "requires a plaintiff to have a reasonable opportunity to sue a nonparty only after the defendant has identified and sought to plead the nonparty." But this case is distinguishable from *Terre Haute Warehousing* in a significant way. There, the plaintiffs "filed their complaint more than 150 days before the expiration of the statute of limitations." *Terre Haute Warehousing*, 193 F.R.D. at 556. Accordingly, under Section 16, the defendants in that case were required "to plead any nonparty defenses no later than 45 days" before

4

the nonparty statute of limitations expired. *Id.* Instead, the defendants pleaded their nonparty defense fifteen months late. *Id.* Only then did the court consider whether "plaintiffs [had] a reasonable opportunity to add [the nonparty] as an additional defendant . . . before the expiration of the statute of limitation." *Id.*

This Court need not go that far, as Plaintiffs did not serve their complaint 150 days before the expiration of their right to assert a claim against Hyundai. Indeed, the *Terre Haute Warehousing* court acknowledged that "Section 16 apparently permits defendants who are served less than 151 days before expiration to plead a nonparty defense 'with reasonable promptness' regardless of the period of limitation." *Id.* at 559, fn. 10. As discussed, Defendants satisfied Section 16's "reasonable promptness" standard.

The Court acknowledges that this permits Defendants to cast blame for Michael's injuries on a party from which Plaintiffs may not recover. However, Indiana law explicitly permits this result. *Rana v. Tanglewood Ltd. Partnership*, No. 2:7-CV-212, 2008 WL 5111357, at *3 (N.D. Ind. Dec. 2, 2008) (citations omitted) (under Indiana law "a party does not have to be capable of being held liable to the plaintiff in order to be named a nonparty defendant").

Accordingly, the Court denies Plaintiffs' motion to strike Defendants' third affirmative defense under Rule 12.

      B.      <u>Fourth Affirmative Defense</u>

Plaintiffs also ask the Court to strike Defendants' fourth affirmative defense, which alleges that "[t]he proximate, actual, and responsible cause of the incident for which [this] suit has been filed is the acts and/or omission of others, and not the answering defendants." Plaintiffs argue that this defense impermissibly alleges that anonymous nonparties are to blame for Michael's injuries.

5

Defendants assert that this affirmative defense is merely a proximate cause defense, rather than a nonparty defense.

Indiana law requires that "a defendant who intends to use a nonparty defense must specifically name the nonparty." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001). "The defendant bears the burden of pleading and proving the specific name of the nonparty." *Cota v. Pinkington North America, Inc.*, 2013 WL 1703571, at *2 (N.D. Ind. Apr. 13, 2013) (citations omitted).

Defendants' fourth affirmative defense is inadequate under Indiana law, as it does not name any specific nonparty who might be liable for Michael's injuries. Furthermore, for the Court to consider Defendants' fourth affirmative defense as a proximate cause defense – as Defendants request – would be inappropriate. Proximate cause is a required element of Plaintiffs' claims. Defendants' position throughout this case, no doubt, will be that Plaintiffs have not established that element. But this position is not an affirmative defense, as it is simply an attempt to challenge Plaintiffs' proof of proximate cause. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) ("[A] defense is an affirmative defense (a) if the defendant bears the burden of proof under state law or (b) if it does not controvert the plaintiff's proof.") (quotations and alterations omitted).

The Court finds that Defendants' fourth affirmative defense is impermissible under Indiana law in that it does not name a specific nonparty. Furthermore, Defendants deny Plaintiffs' ability to show proximate cause elsewhere in the Answer. Accordingly, to "remove unnecessary clutter from [this] case," the Court strikes Defendants' fourth affirmative defense. *Heller*, 883 F.2d at 1294.

    C.    <u>Seventh Affirmative Defense</u>

Plaintiffs also request that the Court strike Defendants' seventh affirmative defense, in which Defendants assert that Plaintiffs failed to preserve evidence because they did not "take steps to preserve [Michael's] vehicle." Defendants argue that spoliation is an independent tort under Indiana law and, as such, is an appropriate affirmative defense.

"Indiana is one of few jurisdictions that recognizes the tort [of spoliation], which is analyzed either as a species of negligence or under the rubric of intentional interference with prospective or actual civil litigation." *J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1032 (7th Cir. 2005) (citations omitted). However, the tort is unavailable as applied to parties directly involved in the underlying lawsuit. *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349, 355 (Ind. 2005) ("Indiana law does not recognize a claim for 'first-party' negligent or intentional spoliation of evidence.")

Defendants assert that Plaintiffs did not preserve evidence relevant to the underlying claims in this case. This "first-party" spoliation allegation is not a standalone tort under Indiana law. *Gribben*, 824 N.E.2d at 355. Accordingly, Defendants' seventh affirmative defense is insufficient as an independent tort claim for spoliation.

It is, however, "well-established in Indiana law that intentional first-party spoliation of evidence may be used to establish an inference that the spoliated evidence was unfavorable to the party responsible." "*Gribben*, 824 N.E.2d at 351 (citations omitted). Plaintiffs admit that "spoliation may at most give rise to an evidentiary inference at trial." But Plaintiffs provided no argument why Defendants cannot assert the non-tort variety of spoliation as an affirmative defense.

Federal Rule of Civil Procedure 8(c) provides a non-exclusive list of affirmative defense. Spoliation is not specifically listed. *See* Fed. R. Civ. P. 8(c)(1). There are "two approaches for determining whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense:

7

a defense is an affirmative defense (a) if the defendant bears the burden of proof under state law or (b) if it does not controvert the plaintiff's proof." *Winforge*, 691 F.3d at 872. Read as the non-tort variety of spoliation, Defendants' seventh affirmative defense passes both tests.

Defendants' seventh affirmative defense is not an "insufficient defense" and is not "redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Accordingly, the Court denies Plaintiffs' request that Defendants' seventh affirmative defense be stricken.

## III. Conclusion

Consistent with the foregoing discussion, the Court hereby **GRANTS in part and DENIES in part** Plaintiffs' Motion to Strike Defendants' Answer to Plaintiffs' First Amended Complaint [DE 24] and **STRIKES** the Defendants' fourth affirmative defense from Defendants' Answer to Plaintiffs' First Amended Complaint for Damages and Counterclaim [DE 23].

SO ORDERED this 13th day of October, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record